IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           )
                                   )
            vs.                    )      Criminal No. 01-144
                                   )      <u>See</u> Civil Action No. 04-503
CLAYTON LILLY,                     )
                                   )
              Defendant.           )


<u>MEMORANDUM OPINION</u>

BLOCH, District J.


On March 31, 2004, Petitioner filed a Motion and Brief to Vacate Conviction and Sentence under 28 U.S.C. § 2255 (doc. no. 54) ("Motion"), and an unsigned Supplemental Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2255 (doc. no. 55), in the above-captioned matter.  On April 29, 2004, he filed a new signed version of his Supplemental Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2255 (doc. no. 58) ("Supplemental Motion").  On February 15, 2005, he filed a Motion to file another Supplemental Motion to Vacate Conviction or Correct Sentence under 28 U.S.C. § 2255 (doc. no. 62) ("Second Supplemental Motion").  Upon consideration of these motions, and upon further consideration of the Government's responses thereto (doc. nos. 60, 63) and Petitioner's Return Response to Government's Response to Petitioner's § 2255 Motion (doc. no. 61), Petitioner's Return Response to the Government's Response to Supplement[al] § 2255 Motion to Vacate, Set Aside or

1

Correct Sentence (doc. no. 65), and Memorandum of Law in Opposition to Government's Request that Pro Se Supplements to Clayton Lilly's Timely Filed Motion to Vacate be Treated as Successive Motions (doc. no. 68), the Court denies Petitioner's Motion, Supplemental Motion, and Second Supplemental Motion for the reasons set forth below.[1]

## I.  Background

In July of 2001, a grand jury returned an Indictment charging Petitioner with possession with intent to distribute in excess of 50 grams of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).

---

[1]

On April 1, 2004, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), this Court issued an Order advising Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits consideration of a second or successive habeas petition absent certification from the Third Circuit that certain very specific and rare circumstances exist. With that in mind, Petitioner was ordered to advise the Court as to how he wished to proceed in this case, specifically, whether he wished to have his motions ruled upon as filed and lose the ability to file successive petitions absent Third Circuit certification, or whether he wished to withdraw the motions and file one all-inclusive Section 2255 petition within the one-year statutory period of the AEDPA. On April 29, 2004, this Court received notice from Petitioner dated April 22, 2004, advising the Court that Petitioner wished to have the Court rule on his initial Motion and a new version of his Supplemental Motion filed that same day. Since pro se filings are to be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999), and since Petitioner claims that the Supplemental Motion is an attempt to clarify the issues, the Court will consider Petitioner's April 29 Supplemental Motion as an amendment to his initial Motion and treat these as an all-inclusive Section 2255 motion.

Petitioner pled not guilty to these charges and filed a Motion to Suppress Evidence (doc. no. 22).  On November 13, 2001, the Court held a suppression hearing and commenced a non-jury trial after indicating that both the Petitioner and the Government had requested a non-jury trial (doc. no. 30).  On December 27, 2001, Petitioner filed a written Waiver of Jury Trial signed and dated by Petitioner on December 21, 2001 (doc. no. 33).  On January 3, 2002, the Court issued its Findings of Fact and Conclusions of Law, finding Petitioner guilty as charged in the Indictment (doc. no. 34).

The Probation Officer, in the Presentence Investigation Report ("PIR"), concluded that Petitioner was a career offender under the United States Sentencing Guidelines subject to a sentencing range of 360 months to life imprisonment.  After objections filed by the parties, the Court issued its Tentative Findings and Rulings Concerning Disputed Facts and Factors (doc. no. 39)("Tentative Findings").  In the Tentative Findings, the Court, on the basis of Petitioner's counsel's motion for a downward departure, found that the career offender designation significantly overstated the seriousness of Petitioner's criminal history and, therefore, applied the guideline range to which Petitioner would have been subjected absent application of the career offender enhancement. Accordingly, the Court found that Petitioner's total offense level was 34, and that Petitioner's sentencing range was 188 to 235 months rather than 360 months to life.  On April 4, 2002, the Court

3

sentenced Petitioner to the bottom of this range, 188 months, to be followed by a five-year term of supervised release.  <u>See</u> Transcript of Sentence Proceedings (doc. no. 49).

On April 5, 2002, Petitioner appealed, challenging his conviction.  After the filing of Petitioner's notice of appeal, his trial counsel, William E. Stockey, withdrew as counsel.  <u>See</u> doc. nos. 44, 50.  Peter A. Levin represented Petitioner on appeal.  On March 27, 2003, the Third Circuit rejected Petitioner's appeal and affirmed his conviction.

On March 31, 2004, Petitioner, acting <u>pro</u> <u>se</u>, filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 (doc. no. 54), and an unsigned supplemental motion to vacate his conviction and sentence (doc. no. 55).  As discussed above, on April 1, 2004, the Court ordered Petitioner to advise the Court as to whether he wished to have his motions ruled upon as filed and lose the ability to file successive petitions absent Third Circuit certification, or whether he wished to withdraw the motions and file one all-inclusive Section 2255 petition within the one-year statutory period of the AEDPA.  As discussed above, Petitioner elected to have the Court rule on his initial Motion and a new version of his Supplemental Motion filed that same day.[2]  As noted, the Court is treating the Motion and the Supplemental Motion as an

---

[2]     The Court will refer to this new version as the "Supplemental Motion" herein.

all-inclusive Section 2255 motion.  On February 15, 2005, he filed his Second Supplemental Motion (doc. no. 62).  The Court will address the claims raised in each of these motions below.

**II.        Discussion**

As noted above, <u>pro</u> <u>se</u> pleadings are held to less stringent standards than formal pleadings drafted by lawyers.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Holley v. Department of Veterans Affairs</u>, 165 F.3d 244, 247 (3d Cir. 1999).  However, even a <u>pro</u> <u>se</u> plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief."  <u>Haines</u>, 404 U.S. at 520-21 (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

Title 28 U.S.C. § 2255 permits a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence."  An evidentiary hearing is not required on a Section 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  As discussed below, the record in this case demonstrates that Petitioner is not entitled to relief under Section 2255, and therefore, no evidentiary hearing is necessary.

## A.  **Petitioner's Initial Motion**

Almost all of the claims contained in the Motion are claims that Petitioner was denied his Sixth Amendment right to effective assistance of counsel.  For the reasons that follow, this Court rejects Petitioner's contentions.[3]

A petitioner seeking relief under Section 2255 on the grounds of ineffective assistance of counsel "must show both that: (1) counsel's representation fell below an objective standard of 'reasonableness under prevailing professional norms;' and (2) the defendant suffered prejudice as a result – that is, there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different."  Sistrunk v. Vaughn, 96 F.3d 666, 670  (3d Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

> In reviewing counsel's performance, [a court] must be highly deferential.  [A court] must judge the reasonableness of counsel's challenged conduct on the facts of the

---

[3]    Petitioner does not specify which claim applies to which of his counsel.  However, it can generally be determined from the nature of the claim whether he is referring to his trial counsel or his appellate counsel.  Since the majority of the issues raised refer to the conduct of Petitioner's trial counsel, William Stockey, any reference to counsel that does not specify appellate counsel refers to Mr. Stockey.

particular case, viewed as of the time of counsel's conduct.  Moreover, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Sistrunk, 96 F.3d at 670 (citing Strickland, 466 U.S. at 689-90) (internal quotation marks and citations omitted).  "It is only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997).

### 1. Claim One: Failure to Challenge Search Warrant

Petitioner argues that he was denied effective assistance of counsel because his counsel failed to properly challenge the fact that "the 5:00 p.m. search warrant" was executed without a probable cause affidavit attached to it.  The record conclusively shows that this claim does not present a colorable basis for relief under Section 2255.

Contrary to Petitioner's assertions, the record evidence demonstrates that the search warrant at issue did indeed have an affidavit of probable cause attached.  On the first page of the warrant, a box is checked indicating that a probable cause affidavit is attached, and it is noted that the total number of pages

constituting the warrant is four.  See Government's Response to Motion to Vacate and Supplemental Motion to Vacate under 28 U.S.C. § 2255 ("Government's Response" or "Govt. Resp."), Ex. A.  The pages of the warrant are numbered beginning on page two, and the pages are designated "Page 2 of 4," "Page 3 of 4," and "Page 4 of 4" respectively.  Pages three and four consist of an affidavit of probable cause signed by Officer Holland.  Each of the four pages was signed by the issuing district justice on the same date, June 30, 2001.  This indisputably shows that the probable cause affidavit was attached to and part of the warrant at issue.  As such, it can hardly be said that Petitioner's counsel was unconstitutionally deficient in failing to argue otherwise.

### 2.  **Claim Two: Failure to Advise of Right to a Jury Trial**

Petitioner next argues that he was prejudiced by his counsel's objectively unreasonable failure to advise him of his right to a trial by jury and to have him sign a waiver of his right to a jury trial prior to or at the time of trial.  This argument has no merit.

As to Petitioner's claim that he was never advised that he had the right to a jury trial, the record conclusively demonstrates that this is not true.  Petitioner signed a Waiver of Jury Trial on

December 21, 2001 (doc. no. 33).[4]  His counsel stated in a May 19, 2004 affidavit that he did inform Petitioner that he had a right to trial by jury and that, upon his advice, Petitioner knowingly and willfully waived that right.  See Govt. Resp., Ex. C at ¶¶ 4-5. Further, the Court, at the beginning of the non-jury trial on November 13, 2001, stated that "the record should show that both the government and the [Petitioner] have requested a non-jury trial." Transcript of Suppression Hearing/Non-Jury Trial Commencing on Tuesday, November 13, 2001 ("Trial Transcript" or "Trial Tr.") at 3. The fact that Petitioner did not object when the Court indicated that he had agreed to a non-jury trial demonstrates that this was consistent with what he wanted at the time.  Finally, Petitioner, in his appellate brief, again confirmed that he had waived his right to a jury trial.  See Govt. Resp., Ex. F at 5.

These facts demonstrate indisputably that Petitioner was well-aware of his right to a jury trial.  Petitioner simply cannot get a second chance with a jury after taking his chances with the Court based on a self-serving claim, wholly refuted by the record, that he was not advised of his right to a jury trial.[5]

---

[4]  Petitioner claims that he was "tricked" into signing the Waiver of Jury Trial, but offers no support for or explanation as to this vague claim.  As such, this claim is simply too vague and conclusory to warrant further investigation.  See United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

[5]  Petitioner further argues that the Court never advised him of his right to a jury trial.  The Court fails to see what this has to
(continued...)

As to Petitioner's argument that his counsel was unconstitutionally deficient in failing to have him sign a waiver of his right to a jury trial prior to or at the time of trial, this claim fails as a matter of law. Federal Rule of Criminal Procedure 23 provides that if a defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the Government consents; and (3) the court approves. Fed. R. Crim. P. 23(a). Here, all three of these conditions were met. As stated, Petitioner did waive his right to a jury trial in writing, and the Government consented and the Court approved of the non-jury trial.[6] See Trial Tr. at 3.

Petitioner's argument is that there is an additional requirement that all of these conditions be met prior to the commencement of the trial. The Court disagrees. Rule 23 sets no time limit on when a defendant can waive his right to a jury trial, and there is no reason to believe that due process would require a

---

[5](...continued)
do with the performance of Petitioner's counsel. In any event, a court is not constitutionally required to conduct an on the record colloquy with a defendant prior to a waiver to the right to a jury trial. See United States v. Anderson, 704 F.2d 117, 119 (3d Cir. 1983); Spytma v. Howes, 313 F.3d 363, 370 (6th Cir. 2002); Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993). Whether the Court specifically advised Petitioner of his right or not, the record is clear that Petitioner was aware of his rights.

[6]     Petitioner attempts to argue that the Government's counsel was required to sign his waiver. However, Rule 23 requires only that the defendant's waiver be in writing, not that the Government's consent be in writing. As discussed, the Government orally consented at the non-jury trial.

signed waiver prior to trial, especially where, as here, there had been a verbal manifestation of the defendant's waiver prior to the commencement of trial.  Indeed, courts have held that a written waiver of the right to a jury trial is effective when filed while a case is still pending, even if not filed prior to the commencement of trial.  See United States v. Wagner, 12 Fed. Appx. 219 (6th Cir. 2001).  See also United States v. Prichard, 875 F.2d 789 (10th Cir. 1989).[7]  Here, Petitioner's waiver was signed and filed before the Court rendered a decision in his case, and therefore, while the case was still pending.  Hence, there is no merit to the argument that Petitioner's waiver was ineffective, and Petitioner's counsel was not deficient in failing to make this argument.

Moreover, Petitioner cannot establish that he was prejudiced by the fact that his waiver was signed after the commencement of the non-jury trial.  Regardless of when the waiver was filed, as discussed above, the Court stated for the record prior to the trial that Petitioner had agreed to a non-jury trial.  See

---

[7]     The Court notes that in United States v. Saadya, 750 F.2d 1419 (9th Cir. 1985), the court, having found that there had been no oral or written waiver of the right to a jury trial by the defendant, declined to remand the case to remedy the absence of a waiver.  In doing so, the court held that "[a] defendant's waiver of his right to jury trial must appear on the record prior to the time the trial commences."  Id. at 1422.  However, here, unlike the case in Saadya, there was a manifestation of Petitioner's waiver prior to the commencement of trial, albeit not a written one.  See Trial Tr. at 3.  Thus, the later written waiver essentially ratified the earlier non-written waiver.  See Wagner, 12 Fed. Appx. at 221.  Saadya, therefore, is not on point here.

Trial Tr. at 3.  As long as his waiver was knowing and voluntary, and this Court has found that it was, the mere timing of the filing of the written waiver has no impact on the proceedings.  See Prichard, 875 F.2d at 790 ("Collateral relief is not available when all that is shown is a failure to comply with the formal requirements of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the technical error.").  Accordingly, the record conclusively establishes that Petitioner is not entitled to relief as to Claim Two.

### 3. Claim 3: Failure to Challenge Court's Ruling as to a Franks Hearing

Petitioner next argues that his counsel was ineffective because he failed to properly challenge the Court when it erred in not allowing Petitioner a Franks hearing.  He claims that counsel should have filed a post-conviction motion regarding this matter. The Court finds no merit in Petitioner's claim.

Petitioner's counsel requested a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), and the Court, at the non-jury trial, denied this request.  See Trial Tr. at 5-8.  After this denial, counsel for Petitioner restated Petitioner's position with respect to this issue.  See id. at 8-9.  Petitioner's appellate counsel, in his brief to the Third Circuit, again raised the issue

12

of the Court's denial of Petitioner's request for a <u>Franks</u> hearing. <u>See</u> Govt. Resp., Ex. F at 10-14.

The record, therefore, makes it clear that Petitioner's trial counsel and his appellate counsel both set forward the position that Petitioner was entitled to a <u>Franks</u> hearing to no avail. While no post conviction motion regarding this issue was filed with this Court, given that the Court had already denied Petitioner's request for a <u>Franks</u> hearing and that the issue was raised on appeal, it cannot be said that Petitioner's trial counsel was deficient in failing to file such a motion. In any event, Petitioner cannot show that there is a reasonable probability that the Court's determination would have changed had such a motion been filed. The officers involved in the search testified at trial and were subject to cross-examination, and the Court considered their testimony in deciding the case.

### 4. <u>Claim Four: Failure to Use Police Report to Impeach Witnesses</u>

Petitioner next argues that his counsel was unconstitutionally deficient because he failed to use the police report of the three arresting officers to impeach their testimony based on the fact that they lied about conducting surveillance on Petitioner. He claims that the report (which he attaches as Exhibit C to his Motion) demonstrates time discrepancies that cast doubt on

the officers' claim that they had him under surveillance.  The record conclusively shows that this argument fails to establish ineffective assistance of counsel.

What evidence should be introduced and whether and how to conduct cross-examination of a witness are trial strategies over which counsel generally has decision-making authority.  See Virgin Islands v. Weatherwax, 77 F.3d 1425, 1433 (3d Cir. 1996); United States v. Rodriguez, 68 Fed. Appx. 237, 243 (2d Cir. 2003) ("[D]ecisions about 'whether to engage in cross-examination, and if so to what extent and in what manner, are . . . strategic in nature' and generally will not support an ineffective assistance claim.") (quoting Dunham v. Travis, 313 F.3d 724, 732 (2d Cir. 2002)).  This Court must be deferential to counsel's tactical decisions, must not employ hindsight, and must give counsel the benefit of a strong presumption of reasonableness.  See Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994).  As the Third Circuit Court of Appeals held in Werts v. Vaughn, 228 F.3d 178 (3d Cir. 2000), "ineffectiveness will not be found based on a tactical decision which had a reasonable basis designed to serve the defendant's interests."  Id. at 190.  Moreover, "[w]hen counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect."  Yarborough v. Gentry, 540 U.S. 1, 8 (2003); Jacobs v. Horn, 395 F.3d 92, 118 (3d Cir. 2005).

14

Here, Petitioner's counsel did extensively cross-examine the arresting officers regarding the surveillance of Petitioner. See Trial Tr. at 61-63, 79-82, 95-97, 109-11, 158-66.   In fact, counsel specifically asked Officer Ghafoor, the author of the report at issue, about that report, about the surveillance of Petitioner, and about whether his observations regarding hand-to-hand sales were mentioned in the probable cause affidavits for the warrants in this case.[8]  See id. at 158-66.

To the extent that Petitioner believes that this was not sufficient, he simply has provided no record evidence to overcome the presumption that his counsel's performance was reasonable.  The mere fact that Petitioner may have disagreed with the precise manner in which his counsel tried to impeach the Government's witnesses or that alternative avenues of inquiry may have existed does not establish that Petitioner's counsel's performance was objectively unreasonable.  See Rodriguez, 68 Fed. Appx. at 243.  Petitioner's counsel's attempt to impeach the arresting officers had a more than reasonable basis designed to serve Petitioner's interest.  Moreover, considering that the Court was aware of the report at issue and the issue regarding the timing of the surveillance of Petitioner, Petitioner cannot establish that there is a reasonable probability

---

[8]    Petitioner's counsel attempted to question Officer Holland about the report, but was not permitted to do so by the Court.  See Trial Tr. at 63, 107-08.

that any different impeachment method would have produced a different result in this case.

           **5.** **Claim Five: Failure to Use Police Reports to Impeach Witnesses**

           Petitioner's fifth claim is very similar to his fourth claim. He argues that his counsel was ineffective in failing to use the police reports of the three arresting officers, that bear their names and police numbers as well as being signed by a supervisor, to impeach their testimony. He argues that these reports are inconsistent with the officers' testimony, particularly regarding the time of the surveillance of Petitioner. Petitioner's position has no merit.

        As explained in connection with Claim Four, decisions about whether to engage in cross-examination, and if so to what extent and in what manner, are strategic in nature and generally will not support an ineffective assistance claim. Rodriguez, 68 Fed. Appx. at 243. The Court must give Petitioner's counsel a strong presumption of reasonableness. See Taylor, 19 F.3d at 1493. As with Claim Four, Petitioner has provided no record evidence to overcome the presumption that his counsel's performance was reasonable. Indeed, Petitioner identifies three police reports which he attaches as Exhibits C, D, and E to his Motion. The report labeled Exhibit C was discussed above in connection with Claim Four.

The reports labeled Exhibits D and E were actually introduced as evidence at the trial.  See doc. no. 28.  Counsel did question Officers Ghafoor and Gilkey about the reports and attempted to question Officer Holland about the reports, but was not permitted to do so by this Court.  See Trial Tr. 63, 107-08, 126-31, 137-38, 152-53, 163-64.

Petitioner's counsel's attempt to impeach the arresting officers had a more than reasonable basis designed to serve Petitioner's interest. Moreover, since, as explained above, the Court did consider these reports in making its findings in this case, nothing in the record would support the position that a different use of the reports during cross-examination would have likely resulted in the Court changing its findings.  The record is therefore conclusive that Petitioner has no basis for relief as to Claim Five.

6.  **Claim Six: Failure to Enter Police Dispatch Print-Out Into Evidence**

Petitioner's sixth claim also challenges a evidentiary decision made by his counsel.  He argues that his counsel was ineffective in failing to enter a police dispatch call print-out (attached as Exhibit 4A to his Motion) into evidence.  He claims that this print-out could have been used "to impeach the witnesses"

17

because it shows that officers entered his residence before securing a warrant.  There is no merit to Petitioner's argument.

Again, since this is a decision regarding what evidence to submit, the Court must give Petitioner's counsel a strong presumption of reasonableness.  See Part II.A.4.  As with Claim Four, Petitioner has provided no record evidence to overcome the presumption that his counsel's performance was reasonable.  Indeed, as the Government points out in its Response, the police admitted that they entered Petitioner's residence at approximately 6:47 p.m. before securing a warrant.  See Trial Tr. at 98, 148-52. Petitioner's counsel put on two defense witnesses who also testified to this.  See id. at 175-79, 185-87.  He also introduced Officer Ghafoor's report which shows that the officers entered at 6:47, prior to securing the warrant.  See id. at 151-53.  Most significantly, though, Petitioner's counsel actually **did** discuss the print-out in cross-examining Officer Gilkey.  See id. at 131-33. Petitioner's counsel's decision not to offer the print-out itself, which would have been merely duplicative of the other evidence, was certainly reasonable, and, in any event, there is no showing of prejudice.  Claim Six, then, must fail.

### 7.   Claim Seven: Failure to Challenge Indictment

Petitioner next claims that his counsel was deficient in failing to challenge the Indictment in this case.  He argues that

18

his counsel unreasonably failed to: (1) check to see if a grand jury had returned the Indictment; (2) question the fact that the Indictment had no criminal number; (3) question the fact that the Indictment had no foreperson's signature; and (4) question if a panel of twelve had returned the Indictment.   The record conclusively shows that Petitioner is not entitled to relief on this claim.

As to Petitioner's second and third arguments, they are simply false.  The Indictment filed in this case was signed by the jury foreperson and contains a criminal number.  <u>See</u> doc. no. 1.  As for Petitioner's first and fourth arguments, there is no reason in the record for there to be any doubt that a 12-member grand jury returned the Indictment.  Without some record evidence to cast doubt regarding these issues, Petitioner's claims are simply too vague and conclusory to warrant further investigation.  <u>See</u> <u>United States v. Dawson</u>, 857 F.2d 923, 928 (3d Cir. 1988).  Accordingly, Claim Seven fails.

## 8.  <u>Claim Eight: Failure to Introduce Evidence of Drug Addiction</u>

Petitioner's eighth claim challenges yet another evidentiary decision made by his counsel.  He argues that his counsel was ineffective in failing to introduce evidence that Petitioner had a history of drug addiction and that he was in

treatment at the time of his arrest.  He claims that counsel "should have used this information to help prepare a defense for Petitioner, but did not so do."  As with Petitioner's other evidentiary claims, Claim Eight has no merit.

The Court has explained above the law regarding claims of ineffective assistance of counsel in regard to evidentiary decisions and will not do so again.  Suffice to say that Petitioner has failed to overcome the strong presumption of reasonableness.  In fact, Petitioner's history of drug addiction had no relevance as to whether he possessed with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), as charged in the Indictment or as to whether the Court should have granted Petitioner's suppression motion.  As the Government points out, this evidence was relevant only at sentencing, and evidence of Petitioner's drug addiction was contained in the PIR, and was discussed by Petitioner's counsel at sentencing.  See Transcript of Sentence Proceedings (doc. no. 49) at 8, 10-11.

Simply put, Petitioner's contention that his counsel "should have used this information to help prepare a defense for Petitioner" is far too vague to overcome the presumption of reasonableness.

20

9. **Claim Nine: Failure to Challenge Court's Findings of Fact and Conclusions of Law**

Petitioner next argues that his counsel was deficient in failing to challenge the fact that the Court had erred in its Findings of Fact and Conclusions of Law either in a post-conviction motion or on direct appeal. The Court finds no merit to this argument.

First, it is counsel that generally decides which issues to pursue on appeal. See Sistrunk, 96 F.3d at 670. There is no constitutional right to insist that appellate counsel advance every argument that a defendant wants raised, even if the argument is a non-frivolous one. See Weatherwax, 77 F.3d at 1433. Petitioner has failed to point to anything in the record that would show that his counsel's decision not to challenge the Court's findings on appeal fell below an objective standard of reasonableness under prevailing professional norms. Petitioner sets forth a handful of findings that he believes were erroneous. However, none of these findings were central to the Court's finding that Petitioner was guilty as charged in the Indictment or to its decision as to Petitioner's suppression motion. Moreover, Petitioner relies solely on the testimony of a single witness, Monique Horsley, in attempting to establish that the Court's findings were erroneous. However, the Court's findings were based on the record as a whole. The Court

considered Ms. Horsley's testimony along with the other testimony
and evidence in this case in rendering its findings.

There is no basis for finding that Petitioner's counsel
was unconstitutionally deficient in deciding not to challenge
relatively minor factual distinctions relying on testimony the Court
had already heard.  Moreover, there is not a reasonable probability
that, but for the absence of such a challenge, the result of the
proceeding would have been different.

10. **Claim Ten: Failure to Introduce Evidence of Police Misconduct**

Petitioner argues in Claim Ten that he was denied
effective assistance of counsel because his counsel failed to
introduce evidence that the arresting officers were under
investigation for police misconduct and not following proper police
procedures by the Citizen Police Review Board and the "Internal
Office of Municipal."  He claims that his counsel (and the
Government) should have brought this information to the Court's
attention.  He further claims that Officer Holland has been called
as a defense witness in another case involving an illegal search and
seizure and that the failure of the Government to inform him of this
fact is a Brady violation.  There is no basis to any of these
contentions.

22

In support of his claims, Petitioner attaches an article stating that Officers Holland, Ghafoor, and Perry were accused of "cursing, beating and unjustly arresting" Mark Chulack on May 9, 2001.  See Motion, Ex. 5A.[9]  He alleges that his counsel should have introduced evidence of this at trial.  This claim is yet another challenge to his counsel's decisions regarding which evidence to offer in this case.  As the Court has explained repeatedly, in such instances, Petitioner must overcome the strong presumption that his counsel acted reasonably.  He has failed to do so.

Petitioner asserts that this evidence "shows that these officers did'nt [sic] acknowledge police procedures and do not acknowledge the law themselves."  Motion at 18.  However, this evidence would not be admissible for this purpose.  Federal Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

---

[9]     The other two articles attached to the Motion pertained to events that occurred after the Court had found Petitioner guilty in this case.  See Motion, Exs. 6A, 7A.  Accordingly, Petitioner's counsel could not have raised these issues at Petitioner's trial.

Therefore, evidence of other acts is not admissible to prove the character of the officers to show that they acted in conformity therewith.  While other acts evidence can be admissible for other purposes, the evidence at issue would not be relevant to any of those purposes.  See Berkovich v. Hicks, 922 F.2d 1018 (2d Cir. 1991) (holding that evidence of civilian complaints against a police officer were not admissible to show officer's propensity to commit alleged act).

Nor would the evidence be admissible under Federal Rule of Evidence 608.  Rule 608(b) provides, in relevant part:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence.  They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

The accusations against Officers Holland, Ghafoor, and Perry concerned alleged acts of violence, not truthfulness.  As such, this evidence was not probative of truthfulness or untruthfulness and was

24

therefore not admissible under Rule 608. Petitioner's counsel cannot be said to have been unconstitutionally ineffective in deciding not to try to offer evidence that was inadmissible.

Moreover, Petitioner cannot demonstrate that there is a reasonable probability that, but for counsel's decision, the result of the proceeding would have been different. See Sistrunk, 96 F.3d at 670. Allegations regarding police brutality totally unconnected with this case have very little probative value as to what transpired here. Even if this evidence were admitted, it would not have changed the outcome of the case.

## 11. <u>Claim Eleven: Violation of Due Process</u>

Petitioner's eleventh claim, while placed with his ineffective assistance of counsel claims, is not itself an ineffective assistance of counsel argument. Instead, Petitioner claims that his due process rights were violated when he had to wait 45 days after his arraignment in state court to be arraigned in federal court and when he was given an indictment without counsel present to advise him.

However, Petitioner's claims are procedurally defaulted because these issues could certainly have been raised on direct appeal. "Section 2255 petitions are not substitutes for direct appeals and serve only to protect a defendant from a violation of

the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred." United States v. Cepero, 224 F.3d 256, 267 (3d Cir. 2000) (citing Reed v. Farley, 512 U.S. 339, 348 (1994)); Young v. United States, 124 F.3d 794, 796 (7th Cir. 1997). See also United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993) ("[Section] 2255 is no longer a necessary stand-in for the direct appeal of a sentencing error because full review of sentencing errors is now available on direct appeal."). Arguments that could have been made on direct appeal cannot be raised in a Section 2255 motion unless the petitioner can demonstrate cause and prejudice. Essig, 10 F.3d at 979 (holding that the cause and prejudice standard of United States v. Frady, 456 U.S. 152, 167-68 (1982), "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed"); Bousley v. United States, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") (citations omitted).

        "In procedural default cases, the cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim." Essig, 10 F.3d at 979 (quoting McCleskey v. Zant, 499 U.S. 467, 493 (1991)).

Here, Petitioner fails to set forth any basis for his failure to raise this claim on appeal, and therefore, this basis for relief must be denied.[10]

### 12.   Claim Twelve: Failure to Challenge Detainment

Petitioner next argues that he was prejudiced by his counsel's unreasonable failure to properly challenge his detainment. The Court disagrees.

As the Government points out in its Response, Petitioner's counsel did raise the issue of Petitioner's detention as a reason for suppressing evidence in this case.  See doc. no. 22.  The Court addressed this argument at the trial.  See Trial Tr. at 194-95. Therefore, Petitioner's counsel did precisely what Petitioner claims he should have done.  Hence, Petitioner's contention cannot support a claim of ineffective assistance of counsel.

---

[10]     A defendant need not demonstrate cause and prejudice when he raises a claim of ineffective assistance of counsel.   See United States v. DeRewal, 10 F.3d 100, 104 (3d Cir. 1993).   Indeed, a Section 2255 motion is the proper and preferred vehicle for alleging ineffective assistance of counsel.   See United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).  However, the Court notes that this claim was specifically not brought as an ineffective assistance of counsel claim.   Petitioner therefore must demonstrate cause and prejudice.

13. **Claim Thirteen: Advice That Non-Admission of Evidence Was "For the Better"**

Petitioner next asserts that his counsel was ineffective because he led Petitioner to believe that the fact that the Government did not offer certain evidence was "for the better." This claim is far too vague and conclusory to warrant further investigation. See Dawson, 857 F.2d at 928. It is unclear precisely what this evidence was, why counsel was deficient in believing it was in Petitioner's interest for the evidence not to be admitted, how the evidence would have been beneficial to Petitioner, and what possible prejudice this may have had on Petitioner.[11] Accordingly, Petitioner has no basis for relief on Claim Thirteen.

14. **Claim Fourteen: Failure to Investigate Facts and Law Regarding Sentencing**

Petitioner's fourteenth claim is that his counsel was objectively unreasonable in failing to investigate the facts and law relevant to Petitioner at the time of sentencing. Specifically, he argues that his counsel "never made sure that the Government had took [sic] the Petitioner's prior convictions to a jury for

---

[11]    In any event, whatever this evidence was, the record shows that Petitioner's counsel's opinion that the evidence should not be admitted was formed after consulting with Petitioner and with the investigator.  Counsel, therefore, made his decision after a full investigation of the evidence.

approval, to use them for enhancement of Petitioner," and that his counsel "never checked Pennsylvania law as to A.C.C.A. predicates." While it is difficult to understand what Petitioner is arguing, the Court finds no merit in what it construes these arguments to be.

To the extent that Petitioner is arguing that any convictions used to enhance his sentence had to be found beyond a reasonable doubt by a jury, this is simply not so. See Apprendi v. New Jersey, 530 U.S. 466 (2000). Regardless, as explained in the Court's Tentative Findings, because the Government failed to file an information pursuant to 21 U.S.C. § 851 prior to trial, Petitioner could not be subjected to increased punishment under 21 U.S.C. § 841 by reason of prior convictions. See Tentative Findings at 12-16. Accordingly, Petitioner's sentence was not enhanced by any prior convictions.

To the extent that Petitioner is arguing that his counsel failed to properly investigate the predicate felonies used to designate him as a career offender under the Sentencing Guidelines, the Court notes that, on the basis of Petitioner's counsel's motion for a downward departure, the Court found that the career offender designation significantly overstated the seriousness of Petitioner's criminal history and, therefore, applied the guideline range to which Petitioner would have been subjected absent application of the career offender enhancement. Accordingly, the Court found that

29

Petitioner's sentencing range was 188 to 235 months rather than 360 months to life.  <u>See</u> Tentative Findings at 4-12.

Since Petitioner's sentence was not enhanced by any prior convictions, and since, as a result of counsel's motion, the Court did not sentence Petitioner as a career offender, Petitioner cannot demonstrate any prejudice as a result of any alleged failure by his counsel to "investigate" these matters.[12]

## 15.  <u>Claim Fifteen: Failure to Question Why Petitioner Never Received an Arrest Warrant</u>

Petitioner's next claim is that his counsel was ineffective in failing to question the Government as to why Petitioner never received an arrest warrant from the Government. Petitioner's claim is without merit.

The Government filed the arrest warrant for Petitioner in this case under seal on July 31, 2001.  <u>See</u> doc. no. 4.  This document was unsealed on August 15, 2001.  <u>See</u> doc. no. 6. Therefore, Petitioner's arrest warrant has been part of the public record of this case, and therefore available to Petitioner and his counsel, since well before the trial.  Petitioner therefore cannot

---

[12]    Petitioner also claims that he "has stated claims that were not brought up at trial or direct appeal because of the advice of counsel."  As with many of Petitioner's other claims, this claim is too vague and conclusory to warrant further investigation.  <u>See</u> <u>Dawson</u>, 857 F.2d at 928.

demonstrate that his counsel acted unreasonably in not asking the Government for a document that was already available to him or that he was prejudiced by this failure to ask.

### 16.   Claim Sixteen: Failure to File a Motion to Suppress Statements

Petitioner's final ineffective assistance of counsel claim is that his counsel was deficient in failing to file a motion to suppress a statement made by Petitioner after he was detained.  He claims that he never received his Miranda warnings and that this statement, therefore, should have been suppressed.   The Court disagrees.

The statement at issue was: "It's hard selling these clothes.  These guys aren't buying these clothes.  I have to support myself."  See Findings of Fact and Conclusions of Law at 5, ¶ 24. It is not disputed that at the time this statement was made, Petitioner was in custody.  See id. at 4-5, ¶¶ 18-24.  However, since Petitioner's statement was voluntary and not the product of police interrogation, a motion to suppress the statement pursuant to Miranda would not succeed.

In Miranda v. Arizona, 384 U.S. 436 (1966), the United States Supreme Court held that criminal defendants interrogated while in custody were entitled to certain warnings, which have become known

31

as <u>Miranda</u> warnings.  However, the Court stated that its holding applied only in situations involving interrogation.  The Court held that voluntary statements "are not barred by the Fifth Amendment and their admissibility is not affected by our holding."  <u>Id.</u> at 478.  <u>See also</u> <u>Rhode Island v. Innis</u>, 446 U.S. 291, 299-300 (1980) (holding that "[a]ny statement given freely and voluntarily without any compelling influence is, of course admissible in evidence").  Here, the Court has specifically found that Petitioner was not being interrogated at the time he made the statement at issue, <u>see</u> Findings of Fact and Conclusions of Law at 5 n.3, and the record as a whole supports this finding.  Therefore, a motion to suppress the statement would not have been successful, and Petitioner's counsel did not act unreasonably in failing to move to suppress the statement.

In any event, Petitioner cannot demonstrate that there is a reasonable probability that, but for counsel's decision not to file a suppression motion, the result of the proceeding would have been different.  As stated in the Court's Findings of Fact and Conclusions of Law, there was a plethora of other evidence establishing the Petitioner's guilt in this case.  <u>See</u> <u>id.</u> at 7, ¶ 7.  Indeed, the Court did not even cite to Petitioner's statement in concluding that Petitioner was guilty.  Therefore, even if Petitioner's statement had not been considered, the result in this

32

case would have remained the same.   Therefore, Claim Sixteen must fail.

In  sum,  the  record  conclusively  demonstrates  that Petitioner is not entitled to relief on his ineffective assistance of  counsel  claims  (or  on  the  due  process  claim  raised  in  Claim Eleven).   He,  in  no  way,  can  establish  both  that  his  counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and that he suffered prejudice as a result.

### B.   Petitioner's Supplemental Motion

Petitioner  asserts  that  his  Supplemental  Motion  "is  an attempt to clarify Petitioner issues."   However, the Supplemental Motion raises issues beyond those contained in the Motion.   Unlike the  claims  raised  in  the  Motion,  only  one  of  the  claims  in  the Supplemental  Motion  arguably  constitutes  an  ineffective  assistance of  counsel  claim.   Nonetheless,  the  record  conclusively  shows  that Petitioner is entitled to no relief on any of the claims contained therein.

### 1.   Issue One: Violation of Fourth and Fourteenth Amendment Rights

The  first  claim  in  the  Supplemental  Motion  is  a  claim  that all  evidence  seized  by  the  Pittsburgh  police  in  this  case  should  be

suppressed pursuant to the Fourth and Fourteenth Amendments to the United States Constitution because the search warrants in this case were not supported by probable cause and because Petitioner's detention was unlawful.  However, as discussed above, these very issues were raised by Petitioner's counsel and ruled on by the Court.  See doc. no. 22; Trial Tr. at 193-96.  Moreover, appellate counsel argued on appeal that the warrants were not supported by probable cause, Govt. Resp., Ex. F, an argument that the Third Circuit rejected.  See United States v. Lilly, 62 Fed. Appx. 40 (3d Cir. 2003).  Therefore, this ground for relief must be denied in regard to claims regarding the warrants because this issue has been previously decided on appeal.  Absent an intervening change in the governing substantive law, absent here, Section 2255 generally "may not be employed to re-litigate questions which were raised and considered on direct appeal."  United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (citations omitted); Davis v. United States, 417 U.S. 333 (1974) (intervening change in governing substantive law that makes petitioner's conviction and punishment unlawful constitutes exceptional circumstances that justify collateral relief under § 2255).

While the issue of Petitioner's detention was not directly raised on appeal, it certainly could have been, and, as discussed above, this claim can thus be raised only if Petitioner can first demonstrate cause and prejudice.  See Essig, 10 F.3d at 979;

34

Bousley, 523 U.S. at 622.  Petitioner fails to set forth any basis for his failure to raise this claim on appeal, and therefore, this basis for relief must be denied.[13]

## 2.  Issue Two: Waiver of Jury Trial

Petitioner next argues that he was denied his right under the Seventh Amendment to a jury trial because his counsel waived his right to a jury trial without Petitioner's consent, never advised him of his right to a jury trial, and "coerced" him into signing a waiver of his trial rights.  This claim raises the exact same issues raised in Claim Two of Petitioner's Motion.   As discussed in connection with that Claim, Petitioner's position has no merit.[14]

## 3.  Issue Three: Expiration of Magistrate's Commission

Petitioner's final argument in his Supplemental Motion is that the warrants in this case were invalid because the commission

---

[13]   The Court notes that this claim is not an ineffective assistance of counsel claim.

[14]   The Court notes that Petitioner claims that "his decision to sign a late waiver was induced by coercion and the promise that the court would rule favorably in [sic] his behalf."   Supplemental Motion at 11.  However, as discussed above, the written waiver was merely a later ratification of Petitioner's earlier decision to waive his right to a jury trial.  It makes no sense that Petitioner would have to be coerced into signing the waiver after having agreed to a non-jury trial, especially considering that the Court had already heard testimony and received evidence and had already informed the parties that it would render a decision in the case. As this was agreed to by Petitioner prior to the trial, the decision could not have been based on the "coercion" he now alleges.

of the magistrate judge who issued the warrants had expired prior to the issuance of the warrants.  Again, this issue could have been directly raised on appeal, but was not, and, as discussed above, since this is not an ineffective assistance of counsel claim, the claim can be raised only if Petitioner can first demonstrate cause and prejudice.  <u>See</u> <u>Essig</u>, 10 F.3d at 979; <u>Bousley</u>, 523 U.S. at 622. Petitioner fails to set forth any basis for his failure to raise this claim on appeal, and therefore, this basis for relief must be denied.

### C.    <u>Second Supplemental Motion</u>

Petitioner claims that his Second Supplemental Motion is also to help clarify some of his issues.  He seems to allege that the United States Supreme Court's decisions in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), support his claims that his counsel was unconstitutionally ineffective in failing to advise him of his right to a jury trial.  He appears to claim that since these cases hold that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt, that his counsel "had an obligation to [Petitioner] to make sure that Petitioner was tried by a jury of twelve."  The Court finds no merit to this argument.

36

First, contrary to Petitioner's argument, the decisions in Blakely and Booker did not address the issue of waiving the right to a jury trial, but, rather, the issue of judicial factfinding in enhancing a defendant's sentence.  In no way did these cases alter a defendant's right to waive the right to a jury trial.  In any event, in Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), the Third Circuit Court of Appeals held that the rule of law announced in Booker did not retroactively apply to cases on collateral review. Specifically, the court held that Booker does not apply retroactively to motions under Section 2255 where the judgment was final as of January 12, 2005, the date Booker was issued.  Since judgment in Petitioner's case was final well before January 12, 2005, Booker does not apply to his case.  Accordingly, there is no basis for Petitioner's Second Supplemental Motion.[15]

## III. **Conclusion**

For all of the above-stated reasons, Petitioner's Motion, Supplemental Motion, and Second Supplemental Motion are denied in their entirety.  Further, this Court will not issue a certificate of appealability in this case.  A certificate of appealability may be issued under 28 U.S.C. § 2255 "only if the applicant has made a

---

[15]     The parties disagree as to whether the Second Supplemental Motion should be construed as a permissible amendment to the initial Motion or as an impermissible successive Section 2255 petition. Since, as discussed, there is no merit to Petitioner's claim, the Court need not decide this issue.

37

substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth above, Petitioner has not made a substantial showing of the denial of a constitutional right and, thus, a certificate of appealability should not be issued in this action.

An appropriate Order will be issued.

S/Alan N. Bloch

United States District Judge

Dated:    January 3, 2006

cc/ecf:    Asst. U.S. Atty. Paul Thompson

Federal Public Defender Lisa Freeland

Clayton Lilly